[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12113
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cv-01111-TJC-MCR


AARON H. HOLLEY,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 15, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges:

PER CURIAM:

Aaron H. Holley, a Florida prisoner proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  Holley argues that the Florida court's adjudication of his claim—that he did not knowingly and voluntarily waive his Sixth Amendment right to assistance of counsel—was contrary to, or involved an unreasonable application of, clearly established federal law.   Upon careful review of the record and consideration of the parties' briefs, we affirm.

Holley was indicted for possessing and selling cocaine in four separate cases, three of which were the subject of hearings on April 21, 2003.  The Florida trial judge conducted a detailed *Faretta*[1] inquiry upon a request by Holley to represent himself in one of those cases, but did not repeat the inquiry for the case which is the subject of the present petition.  Although pretrial matters for the cases were handled together, and Holley was otherwise made aware of the benefits of counsel and the disadvantages of proceeding pro se, he contends on this appeal that his waiver of his right to counsel in the related case is not transferrable to this one. He asserts that he never affirmatively waived his right to counsel in this case, and any alleged waiver was unknowing because the court failed to conduct another *Faretta* inquiry before allowing him to proceed pro se.

---

[1] *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, (1975).

The district court denied Holley's petition, and found it clear that the judge and the parties were operating under the assumption that the *Faretta* inquiry in one case was applicable to the others, and that Holley's waiver of counsel in the present case was knowing, voluntary, and intelligent.

We review de novo the district court's determination that the standard for granting a § 2254 petition has not been met. *Van Poyck v. Florida Dep't of Corr.*, 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam). Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, (AEDPA), federal courts cannot grant federal habeas relief unless the state court's decision was (1) contrary to, or an unreasonable application of, clearly established federal law as defined by Supreme Court precedent or (2) based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

The Sixth Amendment guarantees criminal defendants the assistance of counsel during all critical stages of the criminal justice process. *Iowa v. Tovar*, 541 U.S. 77, 80–81, 124 S. Ct. 1379, 1383 (2004). The Constitution guarantees a defendant the right to conduct his own defense. *Faretta*, 422 U.S. at 836, 95 S. Ct. at 2541. But, in order to do so, he must "knowingly and intelligently" waive his right to counsel. *Id.* at 835, 95 S .Ct. at 2541.

3

The Supreme Court has described a waiver of counsel as knowing and voluntary when the defendant "knows what he is doing and his choice is made with eyes open." *Tovar*, 541 U.S. at 88, 124 S. Ct. at 1387 (internal quotation marks omitted). The Supreme Court has not, however, "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Id.* Thus, "the failure to provide on-the-record warnings does not always lead to reversal," because "the ultimate test of whether a defendant's choice is knowing is not the adequacy of the trial court's warning but the defendant's understanding." *Jones v. Walker*, 540 F.3d 1277, 1293 (11th Cir. 2008) (en banc) (internal quotation marks omitted). The information a defendant must possess to make a knowing and intelligent waiver "will depend on a range of case-specific factors." *Tovar,* 541 U.S. at 88, 124 S. Ct. at 1387. However, the "core inquiry is whether the defendant understood the choices before him" and the risks of self-representation. *Jones*, 540 F.3d at 1293. Moreover, "it is irrelevant for constitutional purposes whether his understanding comes from a colloquy with the trial court, a conversation with his counsel, or his own research or experience." *Id.*

Holley has not shown that he did not knowingly and voluntarily waive his right to assistance of counsel, and therefore, the Florida court's adjudication of his claim was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. We agree with the district court that while it

4

would have been preferable for the Florida court to have conducted a separate *Faretta* inquiry before permitting Holley to represent himself, the failure to do so does not rise to the level of a federal constitutional violation.  Holley made it abundantly clear that he desired to represent himself, and he rejected the offer of appointed counsel on numerous occasions.  Holley was made aware of the nature of the charges and the possible penalties, the benefits of proceeding with counsel, and the disadvantages of proceeding pro se through his discussions with the court and his counsel, his prior experience in criminal proceedings, and the *Faretta* hearing that was conducted in the related case in which Holley represented himself.  Therefore, Holley made the choice to represent himself "with eyes open."  *See Tovar*, 541 U.S. at 88, 124 S. Ct. at 1387 (internal quotation marks omitted).  We also note that Holley had the benefit of two public defenders as stand-by counsel at his trial.  Accordingly, the district court did not err in denying him habeas relief, and we affirm.

**AFFIRMED.**